# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CRAIG R. LESLIE** ) | **CHAPTER 7** |
| ) | **BANKRUPTCY NO. 13-00186** |
| Debtor. ) | |
| ) | |
| **CRAIG R. LESLIE** ) | **ADVERSARY NO. 13-09058** |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **THE INTERNAL REVENUE** ) | |
| **SERVICE,** ) | |
| ) | |
| Defendant. ) | |

## TRIAL RULING

This case came before the Court for trial on Debtor Craig R. Leslie's Complaint seeking discharge of his federal tax liability. Debtor appeared on his own behalf. LaQuinta Taylor-Phillips appeared on behalf of the Internal Revenue Service. The Court took the matter under advisement. The parties filed post-trial briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

Debtor seeks a determination that his 2007 and 2009 tax liabilities can be discharged in this bankruptcy. Debtor asserts that his 2007 tax liability is dischargeable under 11 U.S.C. § 727. Debtor asserts that his 2009 tax liability is

dischargeable on hardship and equitable grounds. The IRS agrees that Debtor's 2007 tax liability is dischargeable, however, it argues that Debtor's 2009 tax liability is nondischargeable under 11 U.S.C. § 523(a)(1)(A).

## FINDINGS OF FACT

Debtor fell on hard times due to his former wife's serious illness. Additionally, Debtor has medical problems that make it hard for him to obtain employment. Debtor lives off social security of $1,087 per month and sporadic help from friends and family, who sometimes deposit small amounts into his bank account in order to help him make ends meet. Debtor obtained an extension from the IRS for his 2009 tax returns. The IRS extended his due date to October 15, 2010. Debtor filed his 2009 tax return on October 13, 2010. Debtor filed for Chapter 7 bankruptcy on February 15, 2013. Debtor listed the IRS as a creditor in his bankruptcy petition based on outstanding amounts due from his 2007 and 2009 federal income taxes.

The parties do not dispute that Debtor's 2007 taxes are dischargeable under 11 U.S.C. § 727. However, the parties disagree about whether Debtor's 2009 tax liability is dischargeable. Debtor asserts that his 2009 tax liability would have been dischargeable under § 727 if he had not obtained the filing extension. Debtor argues that his 2009 tax liability should be discharged on hardship and equitable

2

grounds. He argues he is an honest, but unfortunate debtor, who has simply fallen on hard times and has no ability to pay the IRS.

The IRS argues that because of the extension, Debtor's 2009 tax liability was due within three years prior to filing and therefore it has a priority claim under 11 U.S.C. § 507(a)(8)(A)(i). The IRS argues that because it has a priority claim under § 507(a)(8)(A)(i), that claim is nondischargeable under § 523(a)(1)(A).

## CONCLUSIONS OF LAW

Section 507(a)(8)(A)(i) of the Bankruptcy Code grants priority status to:

> [A] tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition--(i) for which a return, if required, is last due, **including extensions**, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i) (emphasis added). This is generally known as the "three year rule" for tax priority claims. See In re Brensing, 337 B.R. 376, 382 (Bankr. D. Kan. 2006). For the purpose of calculating the three-year time period, the statute specifically instructs the Court to include filing extensions. 11 U.S.C. § 507(a)(8)(A)(i). Any tax debt that qualifies as a priority claim under § 507(a)(8) is excepted from discharge. 11 U.S.C. § 523(a)(1)(A).

### I. Debtor's 2007 Tax Liability

Debtor's 2007 tax liability is dischargeable. The parties agree that Debtor's 2007 tax return was due more than three years ago. Therefore, the IRS claim for

the 2007 taxes it is not entitled to priority under 11 U.S.C. § 507(a)(8) and thus not excepted from discharge under § 523(a)(1)(A).

## II. Debtor's 2009 Tax Liability

Debtor's 2009 tax liability, however, is nondischargeable. Debtor's 2009 tax return, after he requested an extension, was due on October 15, 2010. Therefore, in order to have the 2009 tax claim fall outside the "three year rule," Debtor would have needed to file for bankruptcy *after* October 15, 2013. Debtor filed for bankruptcy on February 15, 2013—eight months too early. Therefore, the 2009 tax liability qualifies is a priority claim under 11 U.S.C. § 507(a)(8)(A)(i) and is nondischargeable under § 523(a)(1)(A).

Debtor concedes that under the language of the Code, his 2009 tax liability is nondischargeable, but asks that the Court discharge the liability based on hardship. However, there is no hardship exception for taxes under the Bankruptcy Code. See § 523; In re Maali, 432 B.R. 348, 353 & 353 n.5 (B.A.P. 1st Cir. 2010) ("The bankruptcy court, however, had no authority to consider hardship as a basis to discharge [debtor's] tax obligations. . . . [T]here is no statutory 'hardship' test for determining whether certain tax liabilities are excepted from discharge under § 523(a)(1)"); In re Moore, 214 B.R. 887, 890 (Bankr. E.D. Ark. 1997) ("The Bankruptcy Code expressly provides for the priority and nondischargeability of these federal income taxes, and creates no exception in the chapter 7 context for

4

hardship or any other equitable grounds."). The three-year nondischargeability rule is mandatory and the Court has no authority to discharge Debtor's 2009 tax liability, even with proof of Debtor's hardship.

Debtor also asks the Court to use its equitable powers to discharge the debt because he has no way of paying it. Under § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

The Court is very sympathetic to Debtor's circumstances and recognizes that the purpose of bankruptcy is to give honest, but unfortunate debtors a fresh start. In re Peterson, 356 B.R. 468, 475 (Bankr. N.D. Iowa 2006) (citing In re Kasden, 209 B.R. 239, 241 (8th Cir. BAP 1997); Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934)). However, "Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy." Bruning v. United States, 376 U.S. 358, 361 (1964). The Court is unable to use its equitable powers in the face of such a clear legislative mandate to except Debtor's 2009 tax liability from discharge. See, e.g., Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); In re Carlin, 328 B.R. 221, 227 (B.A.P. 10th Cir. 2005) ("Section 523(a)(1) explicitly sets forth the taxes that are

5

not dischargeable in bankruptcy, and § 105(a) cannot be used to negate that legislative mandate."). Therefore, Debtor's 2009 tax liability is nondischargeable.

The Court acknowledges that the result here is unfortunate given the fact that Debtor could have discharged his 2009 tax liability if he had delayed filing for a few months. However, the IRS specifically noted in its post-trial brief that it has payment plans available and the ability to place his debt in non-collectible status based on Debtor's inability to pay. These programs and abilities may help mitigate, if not eliminate, the tough result the Bankruptcy Code demands. The Court would encourage the parties to discuss those possibilities in earnest.

## CONCLUSION

The Court finds that Debtor's 2007 income tax liability is dischargeable under § 727, but that Debtor's 2009 tax liability is nondischargeable under § 523(a)(1)(A).

**WHEREFORE**, judgment is entered in Defendant's favor for Debtor's 2009 tax liability.

Dated and Entered:
    May 21, 2014

_____
**THAD J. COLLINS**
**CHIEF BANKRUPTCY JUDGE**